IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RICHARD L. RUTLEDGE,<br><br>Plaintiff,<br><br>vs.<br><br>ROOSEVELT COUNTY JAIL, DEBRA COLLINS, ROOSEVELT COUNTY, MORTY MANNING,<br><br>Defendants. | CV 22-112-GF-BMM-JTJ<br><br>ORDER |

Plaintiff Richard L. Rutledge filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Liberally construed, Mr. Rutledge challenges (1) the conditions of his confinement at the Roosevelt County Jail, including: isolation, lack of access to federal law books, a purported destruction of property, lack of cold water, unsanitary conditions, and a lack of privacy (*see id*. at 5-7), as well as (2) the denial of adequate medical care. (*Id*. at 4-8.)

## I.    Motion to Proceed in Forma Pauperis

Mr. Rutledge was directed to file an in forma pauperis ("IFP") motion along with a copy of his inmate account statement. (Doc. 4.) Although Mr. Rutledge filed the motion, he indicated he was having difficulty obtaining his inmate account

1

statement. (Doc. 6.) Because here is no reason to delay this matter further, Mr. Rutledge's motion to proceed in forma pauperis (Doc. 5) will be granted.

## II. Screening Requirement

Mr. Rutledge is a prisoner proceeding in forma pauperis. This Court must review his Complaint. *See* 28 U.S.C. § 1915 and § 1915A. These provisions require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Sections 1915A(b) and 1915(e)(2)(B).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain a sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint satisfies the *Iqbal/Twombly* "facial plausibility" standard when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-

defendant-unlawfully-harmed-me accusation[s]." *Id*. (internal quotation marks omitted).

The Court liberally construes the pleading to determine whether a case should be dismissed for failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual and legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded on other grounds by Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

### III.   Factual Allegations

Mr. Rutledge is currently in the custody of the Montana Department of Corrections and is incarcerated at the Montana State Prison.[1] The events giving rise to the claims contained in the Complaint occurred while Mr. Rutledge was awaiting sentencing and was incarcerated at the Roosevelt County Jail. Mr. Rutledge alleges that Defendant Debra Collins, an administrator at the Roosevelt County Jail, was responsible for: ordering his placement in an open and isolated dorm room within the jail, (Doc. 1 at 5), failing to keep federal law books in the library, (*id*.), medical treatment at the jail being "bad and getting worse, (*id*. at 5-

---

[1] *See* Montana Corrections Offender Network: https://app.mt.gov/conweb/Offender/3033126/ (accessed December 12, 2022).

6), allowing staff to destroy his personal property and refused to provide cold water to the cell, (*id*. at 6), and targeting Mr. Rutledge with Defendant Manning in the wake of the filing of a prior lawsuit. (*Id*.) Mr. Rutledge also alleges that Debra Collins is aware the water at the facility smells like sewer water and the sewer gas smell circulates through the facility, yet refuses to do anything to fix it, (*id*. at 6-7), and is aware a camera recorded everything in Mr. Rutledge's cell, but refused to address the issue. (*Id*. at 7.) Mr. Rutledge alleges violations of the Eighth Amendment and asserts his claims under 42 U.S.C. § 1983. He seeks punitive damages and injunctive relief. (*Id*. at 8.)

## IV. Analysis

### i. Defendants

To state a plausible claim under the civil rights statute, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Jail and prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677. Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045. Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corr. & Rehab.*, 726 F.3d 1062, 1085 (9th Cir. 2013). A plaintiff must present factual allegations against each individual defendant alleged to have violated his constitutional rights sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 67–79. The allegations must link the actions or omissions of each named defendant to a violation of his rights. *Id*. at 67–77.

"A defendant may be held liable as a supervisor under § 1983 'if there exists . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in motion a series of acts by other that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should

have known would cause others to inflict a constitutional injury'; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of [her] subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09.

A supervisor may also be liable if there is evidence of "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violations." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994). It is insufficient for a plaintiff only to allege that supervisors knew about a constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" implemented or instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

Mr. Rutledge names Morty Manning as a defendant in his individual capacity. (Doc. 1 at 3.) Mr. Rutledge has failed to link any actions or omissions of Defendant Manning to a violation of his rights. *Iqbal*, 556 U.S. at 676–77. Similarly, Mr. Rutledge has not alleged that Defendant Manning acted in a supervisory capacity. Accordingly, as to Defendant Manning, Mr. Rutledge fails to state a claim for relief.

Mr. Rutledge names Defendant Debra Collins in her official capacity as jail administrator. A claim against an individual in their "official capacity" is treated as a claim against the entity. In *Monell v. Dept. of Social Services of City of New York*, the United States Supreme Court, announced the following standard governing the liability of a municipality under 42 U.S.C. § 1983:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

436 U.S. 658, 694 (1978). Liability under Section 1983 may not be predicated upon a *respondeat superior* theory of liability. *Monell*, 436 U.S. at 694. That is, Plaintiff cannot state a federal claim for relief against the entity just because one of its employees may have violated his federal constitutional rights.

"Under *Monell*, entities are subject to damages under § 1983 in three situations: when the plaintiff was injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a final policymaker." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (quotations omitted). A plaintiff cannot recover punitive damages under a *Monell* theory of liability. *See City of Newport v. Fact Concerts, Inc.*, 543 U.S. 247, 266, 271 (1981) (municipalities and local governments are "immune from punitive damages under [section] 1983"). Mr. Rutledge's only claim against Defendant Collins that could

7

potentially proceed is Mr. Rutledge's claim for injunctive relief. As explained below, however, such a claim also fails because it is now moot.

Additionally, the Roosevelt County Jail is not an entity capable of being sued. In Montana, a detention center is defined as "a facility established and maintained by an appropriate entity for the purpose of confining arrested persons or persons sentenced to the detention center." Mont. Code Ann. § 7-32-2120 (2021). The Roosevelt County Jail is merely a building and cannot be sued. *See e.g. Barnes v. Yellowstone County Detention Facility*, 2008 WL 5412448 (D. Mont. 2008). To the extent that Mr. Rutledge seeks to hold Roosevelt County liable for any of his claims, he has failed to state such a claim. A municipal entity like Roosevelt County has no *respondeat superior* liability under § 1983. That is, the County has no liability under the theory that it is liable simply because it employs a person who has violated plaintiff's rights. *Taylor*, 880 F.2d 1040, 1045; *see also Monell*, 436 U.S. at 691. Accordingly, the only potential claim that survives initial review is a claim for injunctive relief as it relates to Defendant Collins. As discussed below, Mr. Rutledge's claims for injunctive relief are now moot.

    ii.    **Conditions of Confinement Claims**

The Eighth Amendment n prohibits cruel and unusual punishment and guarantees right to minimally adequate conditions of confinement for convicted

inmates. "[T]he Constitution does not mandate comfortable prisons, and prisons…which house persons convicted of serious crimes cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). In considering whether a condition of confinement is cruel and unusual, a court must "determine whether that condition is compatible with the evolving standards of decency that mark the progress of maturing society." *Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981).

    Mr. Rutledge may not proceed on his claims for injunctive relief relative to his conditions of confinement because he is no longer confined at the Roosevelt County Jail. It is well settled that "a prisoner's claims for injunctive relief relating to prison conditions are rendered moot by his transfer to another facility." *Birdwell v. Beard*, 623 F. App'x 884, 885 (9th Cir. 2015) (citing *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012). In *Birdwell*, the Ninth Circuit held that the district court properly concluded that the plaintiff's claims for declaratory and injunctive relief were moot because, after filing the case, he was "transferred to another prison where he [was] no longer subject to the prison policies he challenged." *Id.*; *see also Corona v. Knowles*, 687 F. App'x 602, 604 (9th Cir. 2017). The claims for injunctive relief relative to Mr. Rutledge's conditions of confinement must be dismissed.

### iii. Denial of Medical Care Claims

A § 1983 claim cannot sound merely in negligence or substandard medical care. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). "Deliberate indifference," on the other hand, "is a high legal standard," and claims of medical malpractice, negligence or a difference of opinion concerning the course of treatment are insufficient to establish a constitutional deprivation. *Id*. at 1060. Prison officials who are not medical providers are not medical providers are not deliberately indifferent when they defer to the judgment of treating medical providers. *See Peralata v. Dillard*, 744 F.3d 1076, 1086–87 (9th Cir. 2014).

As a preliminary matter, Mr. Rutledge has not alleged that Defendant Collins is a medical provider nor that she played any direct role in his treatment. Mr. Rutledge's allegations do not rise to the high standard that Defendant Collins was aware of a "substantial risk of serious harm" to Mr. Rutledge and had "no reasonable justification for the deprivation, in spite of that risk." *See Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994). Moreover, just like the conditions of confinement claim, this claim is also now moot. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (finding request for injunctive relief moot when prisoner is no longer subject to challenged prison conditions after transferring to a new facility.) Mr. Rutledge

10

has been transferred to Montana State Prison and has no reasonable expectation of returning to the Roosevelt County Jail. His claim for injunctive relief relative to his medical care is also moot. *See Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995). This claim will also be dismissed.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Mr. Rutledge's Motion to Proceed in Forma Pauperis (Doc. 5) is GRANTED.

2. This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies that any appeal of this decision would not be taken in good faith.[2]

DATED this 13th day of December, 2022.

*[signature]*

Brian Morris, Chief District Judge
United States District Court

---

[2] *See* Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure.